UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

DEANNA H.,

        Plaintiff,

      v.                                                                  **DECISION AND ORDER**
                                                                                        22-CV-426S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

———————————————————————

1.      Plaintiff Deanna H.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since August 16, 2018, due to mental and physical impairments. Plaintiff maintains that she is entitled to benefits because her impairments render her unable to work.

2.      Plaintiff filed applications for disability benefits and supplemental security income on April 3, 2019. After denial at the agency level, Plaintiff proceeded to a telephonic hearing before ALJ Stephen Cordavani on April 20, 2021. At the time of the hearing, Plaintiff was 50 years old, with at least a high school education, and past relevant work as personnel clerk, payroll clerk, dispatcher, receptionist, and cashier checker. The ALJ considered the case *de novo* and, on May 3, 2021, issued a written decision denying Plaintiff's applications for benefits. The Appeals Council thereafter denied Plaintiff's request for review on March 31, 2022.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3.      Plaintiff filed the current action on June 3, 2022, challenging the Commissioner's final decision.[2]  After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on January 5, 2023.[3]  (Docket Nos. 6-9.)  The Clerk of Court assigned the case here on April 3, 2023, at which time this Court took the motions under advisement without oral argument.  (Docket No. 10.)  For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4.      A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted).  In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  42 U.S.C. §§ 405 (g), 1383 (c)(3).

5.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405 (g), 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence.  See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see

---

[2] The ALJ's May 3, 2021 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

[3] Although Plaintiff did not file a notice of motion, she filed a brief seeking judgment on the pleadings in her favor.  (Docket No. 7.)

also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence.").  In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).  Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

6.      As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act."  Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted).  "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations."  Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted).  This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."  Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7.      As it relates to the substantial-evidence inquiry, the standard is not high.

See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

The United States Supreme Court defines substantial evidence as only "more than a mere

scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d

842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139

S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83

L. Ed. 126 (1938)).   Because the Commissioner's factual findings are conclusive if

supported by substantial evidence, see 42 U.S.C. §§ 405 (g), 1383 (c)(3), review is

properly focused on whether substantial evidence supports the Commissioner's

determination, not whether substantial evidence might also support the plaintiff's position.

See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the

relevant question is not whether substantial evidence supports plaintiff's position, but

whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B.

v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).   This is "a very

deferential standard of review—even more so than the 'clearly erroneous' standard."

Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing

Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8.      "To determine on appeal whether [the Commissioner's] findings are

supported by substantial evidence, a reviewing court considers the whole record,

examining the evidence from both sides, because an analysis of the substantiality of the

evidence must also include that which detracts from its weight."   Williams on Behalf of

Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).   If supported by substantial

Case 1:22-cv-00426-WMS   Document 11   Filed 05/25/23   Page 5 of 13

evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'"  Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10.     The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to

5

perform her past work.  Finally, if the claimant is unable to
perform her past work, the [Commissioner] then determines
whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also 20 C.F.R. §§ 404.1520, 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir.

1999).

11.    The claimant has the burden of proof on the first four steps; the

Commissioner has the burden of proof on the fifth step.  See Bowen, 482 U.S. at 146 n.5;

Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The fifth step is divided into two

parts.    First, the Commissioner must assess the claimant's job qualifications by

considering his or her physical ability, age, education, and work experience.  Second, the

Commissioner must determine whether jobs exist in the national economy that a person

having the claimant's qualifications could perform.  See 42 U.S.C. §§ 423 (d)(2)(A), 1383

(c)(1)(A); 20 C.F.R. §§ 404.1520 (f), 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458,

460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12.    In this case, the ALJ found the following with regard to the five-step process

set forth above: (1) Plaintiff had not engaged in substantial gainful activity since August

16, 2018, the alleged onset date (R. at 247); (2) Plaintiff's degenerative disc disease of

the cervical and lumbar spine was a severe impairment within the meaning of the Act (R.

at 247-49); (3) Plaintiff did not have an impairment or combination of impairments that

met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P,

Appendix 1 (R. at 249-50); (4) Plaintiff retained the residual functional capacity ("RFC")

to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), with certain

limitations[4] (R. at 250-54); (5) Plaintiff could not perform any of her past relevant work (R. at 254); and (6) Plaintiff could perform jobs that exist in significant number in the national economy (R. at 254-55).  Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from August 16, 2018, through May 3, 2021.  (R. at 246, 24.)

13.    Plaintiff raises two challenges to the ALJ's decision.  First, she contends that a portion of the RFC determination is not supported by substantial evidence.  Second, she maintains that the ALJ erred in determining that her tachycardia condition is non-severe and failing to account for it.  In response, the Commissioner argues that the ALJ's decision is free from legal error and supported by substantial evidence and should therefore be affirmed.  This Court agrees with the Commissioner.

14.    Plaintiff first maintains that the ALJ's determination that she has the RFC to frequently reach, handle, and finger with her left upper extremity is not supported by substantial evidence.  (R. at 250.)  RFC is "what an individual can still do despite his or her limitations."  Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2).  To properly determine RFC, the ALJ must assess all relevant medical and other evidence in the record.  See 20 C.F.R. §§ 404.1545 (a)(1), 416.945 (a)(1).  Such evidence includes, inter alia, objective medical evidence, medical opinions, medical history, clinical findings, and the claimant's own assessment of limitations.  20 C.F.R. §§ 404.1513 (a)(1)-(5), 416.913 (a)(1)-(5); see also Josua S. v. Comm'r of Soc.

---

[4] The limitations consist of the following: "can occasionally climb stairs and ramps[;] occasionally balance on uneven ground or terrain[;] can occasionally stoop, kneel, crouch and crawl[;] can occasionally climb ropes, ladders or scaffolds[;] and [can] frequently reach, handle and finger with the upper left extremity." (R. at 250.)

Sec., 6:19-CV-1434 (ML), 2021 WL 105769, at *4 (N.D.N.Y. Jan. 11, 2021) ("In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations.") (collecting cases).  While the ALJ is precluded from substituting his or her own opinion for competent medical evidence, the ALJ is nonetheless entitled to weigh all of the evidence, resolve conflicts within it, and reach an RFC that is consistent with the record as a whole.  See Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013); Quinn v. Colvin, 199 F. Supp. 3d 692, 712 (W.D.N.Y. 2016). In explaining RFC findings, an ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," Dioguardi v. Comm'r of Soc. Sec., 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted), and is not precluded from crediting only portions of a medical opinion, see Younes v. Colvin, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015), but must explain why a medical opinion was not adopted if the RFC assessment conflicts with it, see Dioguardi, 445 F. Supp. 2d at 297.  Finally, the ALJ's RFC determination need neither track nor correspond perfectly with any single medical opinion.  See Rosa, 168 F.3d at 79.

15.    Plaintiff argues that insufficient evidence supports the ALJ's finding that she can frequently reach, handle, and finger with her left upper extremity.  (R. at 250.)  In reaching this determination, the ALJ canvassed the medical and opinion evidence relating to Plaintiff's use of her left arm, noting the predominantly normal findings.  (R. at 250-53.) For example, the ALJ noted that Plaintiff sought emergency treatment on the alleged onset date for left-sided weakness, yet demonstrated a completely normal physical exam after prompted to exhibit full effort.  (R. at 251.)  Subsequent examination in September

8

2018 for left-sided weakness similarly resulted in a finding that Plaintiff could move all of her extremities freely.  (Id.)  In February 2019, Plaintiff again complained of left-side pain and numbness, but her physical exam was normal and she had full strength in her upper and lower extremities.  (Id.)  In May 2019, Plaintiff had only mild deficits in her left wrist and left grip, and EMG and nerve-conduction studies of the upper extremities were normal.  (R. at 252.)  Finally, the ALJ considered that neither state agency physician Dr. J. Sharif-Najafi nor Dr. J. Koenig found left upper extremity limitations, and both found that the consultative examiner overstated Plaintiff's limitations.  (R. at 253, 361-66, 397-403.)

16.    The ALJ also considered the July 2019 opinion of consultative examiner Raquel Benchoam-Ravid, M.D.  (R. at 252-53.)  Dr. Benchoam-Ravid found that Plaintiff had some range-of-motion deficits in her left shoulder and reduced strength in her left upper and lower extremities.  (R. at 253.)  Dr. Benchoam-Ravid opined that Plaintiff had a marked limitation for overhead reaching with the left arm and for fine and gross manipulation with the left hand.  (R. at 253.)  But in considering this opinion, the ALJ found it "not persuasive" because the limitations were inconsistent with Plaintiff's reported activities and the treatment record as a whole, including the two state agency physicians' assessments.  (Id.)  The ALJ also concluded that Dr. Benchoam-Ravid's opinion overly relied on Plaintiff's subjective complaints.  (Id.)  Plaintiff does not directly challenge the ALJ's consideration of Dr. Benchoam-Ravid's opinion.

17.    Plaintiff argues that the ALJ erroneously relied on the state agency physicians' opinions because those doctors allegedly simply "signed off" on proposed findings, but nothing in the record suggests that the physicians failed to review the records

9

or held different opinions than those set forth in the reports they signed.  (R. at 400 (noting that "[a]ll evidence in the file has been reviewed").)  Plaintiff further argues that the state agency medical opinions were issued without the benefit of two years' worth of medical evidence (from 2019-2021), yet the ALJ explicitly found that the updated records showed no material worsening of the claimant's impairments, and Plaintiff does not challenge that conclusion.  (R. at 260.)

18.     Plaintiff also suggests that the state agency physicians lacked sufficient medical expertise, but this contention is entirely speculative, and there is no meaningful challenge to the physicians' qualifications.  Finally, Plaintiff faults the ALJ for creating an "unresolved ambiguity" by finding a greater restriction than contained in the medical opinions he relied on—a limitation to *frequent* reaching, handling, and fingering with her left upper extremity.  There is, however, no basis to remand where a limitation is more restrictive than that found in the medical opinions.  See Castle v. Colvin, No. 1:15-cv-113-MAT, 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) ("[T]he fact that the ALJ's RFC assessment did not perfectly match [a medical] opinion, and was in fact more restrictive than that opinion, is not grounds for remand."); see also Lesanti v. Comm'r Soc. Sec., 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020) (finding that affording a claimant the benefit of the doubt by including a more restrictive limitation in the RFC is not grounds for remand).  Consequently, for all of these reason, Plaintiff's first point of error is rejected.

19.     Plaintiff next argues that the ALJ erred by finding that her tachycardia condition is non-severe at Step 2, and relatedly, by failing to include limitations in her RFC to account for the condition, even if it is non-severe.  A "severe impairment" is an impairment or combination of impairments that "significantly limits [the claimant's]

physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520 (c), 416.920 (c); compare 20 C.F.R. §§ 404.1522 (a), 416.922 (a) (defining non-severe impairment as one that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities").  Basic work activities include the following: "(1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting."  20 C.F.R. §§ 404.1522 (b), 416.922 (b).

20.    At Step 2, the ALJ analyzed the severity of Plaintiff's physical and mental impairments, including her tachycardia condition.  (R. at 247-48.)  He recognized that Plaintiff had been diagnosed with tachycardia—the medical term for a heart rate over 100 beats per minute[5]—but concluded that it caused no more than minimal limitation in her ability to perform basic work activities.  (R. at 248.)  In so finding, the ALJ noted that Plaintiff "commenced cardiac treatment recently, but she was advised that her workup was benign[,] and she is no longer treating with or consulting a cardiologist."  (Id.)  The ALJ therefore found Plaintiff's tachycardia condition to be non-severe under the Act.  See id.

21.    Plaintiff argues that the ALJ's finding that her cardiac workup was benign is not supported by substantial evidence.  Yet the record contains Plaintiff's own testimony that she had normal heart evaluations, that "everything came back benign," and that she was not being followed by a cardiologist.  (R. at 305, 318-19.)  Both sides recognize that

---

[5]  See  https://www.mayoclinic.org/diseases-conditions/tachycardia/symptoms-causes/syc-20355127  (last visited May 24, 2023, at 12:12 p.m.).

the record contains mixed evidence of normal heart-rate findings and elevated, but overall Plaintiff's cardiovascular and respiratory examinations routinely revealed normal findings.[6]   (R. at 642, 643, 651, 734, 840, 891, 901, 906, 910, 949, 1073, 1080-81.) Reweighing of this evidence on judicial review is not permitted.  See Krull v. Colvin, 669 F. App'x 31, 32 (2d Cir. 2016) (noting that the deferential standard of review prohibits a reweighing of the evidence); see also Richardson, 402 U.S. at 399 (finding that it is the ALJ's task to weigh and resolve conflicting evidence in the record); Zacharopoulos, 516 F. Supp. 3d at 220 (question on review is whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position).  In any event, Plaintiff fails to point to any medical or opinion evidence demonstrating functional limitations arising from her tachycardia that would result in more than minimal limitations.  See Brown v. Comm'r of Soc. Sec., No. 5:15-CV-1506, 2017 WL 2312914, at *5 (N.D.N.Y. May 26, 2017) ("Although the Second Circuit has held that [Step 2] is limited to 'screening out de minimis claims,' the 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, by itself, sufficient to render a condition severe.") (internal citations omitted).  This Court therefore finds no error in the ALJ's Step 2 assessment.

22.     Plaintiff's remaining contention is that even assuming that her tachycardia condition is non-severe under the Act, the ALJ failed to consider it throughout the sequential analysis and account for it in her RFC.  The decision, however, reflects that the ALJ considered all symptoms arising out of Plaintiff's severe and non-severe

---

[6]This Court notes that much of Plaintiff's argument hinges on the consideration of cardiac evidence that the Appeals Council previously determined does not relate to the period at issue, a finding Plaintiff does not challenge.  (R. at 14.)

limitations throughout the analysis.  (R. at 247-56.)  In particular, the ALJ stated that he had "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity."  (R. at 248.)  And again, Plaintiff points to no persuasive evidence in the record supporting a more limited RFC than the one determined by the ALJ based on her non-severe tachycardia.  This argument is therefore rejected.

23.    Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence.  It is therefore affirmed.  See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:        May 25, 2023
              Buffalo, New York

                                          s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge